**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08319-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| AIH LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Remand to State Court (Doc. 7). Defendants have filed a Response in opposition (Doc. 12), and Plaintiff filed a Reply (Doc. 14). In addition, Defendants have filed a Motion to Dismiss (Doc. 18). Plaintiff filed a Response in opposition (Doc. 21), and Defendant filed a Reply (Doc. 23). The Court will now issue its ruling on both matters.[1]

**I.   Background**

Plaintiff Peter Strojnik has been previously declared a vexatious litigant, and his "history and his *modus operandi* are well known." *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *8 (D. Ariz. Jan. 6, 2021) ("Vexatious Litigant Order"), *order amended on reconsideration*, 2021 WL 2454049 (D. Ariz. June 16, 2021). This case follows the same pattern of his many other cookie-cutter lawsuits against hotel defendants for claims arising under the Americans with Disabilities Act ("ADA"). *See id.* As with those other cases, Defendants removed this action from state court, where Plaintiff

---

[1] As stated in the Court's previous Order (Doc. 36), the stay on this matter is now lifted by this decision on the Motion to Dismiss.

originally filed his Complaint. (Doc. 1-3).

Plaintiff alleges he visited Defendant AIH's LLC ("AIH") hotel ("Hotel") in Kingman, Arizona. (*Id.* at 4). He alleges he is disabled and that he encountered numerous obstacles at the Hotel that denied him full and equal access to the premises. (*Id.* at 11). He ultimately brings six Counts, the first three of which are plainly related to the ADA. Count One alleges ADA violations. Count Two alleges negligence and negligence per se as a result of Defendants breach of duty to "remove ADA accessibility barriers . . . ." (*Id.* at 22). Count Three alleges a failure to disclose arguing that Defendants breached their duty "to disclose matters to Plaintiff that Defendant [sic] knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance . . . ." (*Id.* at 24).

The remaining Counts focus on the relationship between AIH and Defendant Best Western International ("Best Western"). As alleged, the Hotel is named Best Western Plus. (*Id.* at 25). But the Complaint alleges that the Hotel is not actually owned by Best Western. Therefore, Plaintiff brings a "Consumer Fraud – Brand Deceit" claim in Count Four, which alleges the "deceptive self-dentification" is intended to mislead the public into believing they are booking a room at a hotel owned by Best Western, when it is actually owned by AIH. (*Id.* at 26). Count Five alleges civil conspiracy between AIH and Best Western in that they "structured their relationship" to make the public believe Best Western operated the Hotel, "while at the same time they knew that Best Western was not the operator and would not be considered an operator of the hotel and thereby not subject to ADA liability." (*Id.* at 27). Finally, Count Six alleges civil aiding and abetting as the result of Best Western's aiding AIH in brand deceit. (*Id.* at 29). As to this alleged deception, Counts Four, Five, and Six claim over seven hundred thousand dollars in damages. Including Counts Two and Three, the Complaint claims more than one million dollars in damages.

**II.     Motion to Remand**

Plaintiff seeks to remand his "brand deceit related claims" [2] back to state court

---

[2] Although Plaintiff's Motion only mentions Counts Four and Six, the Court infers that Plaintiff intended to include Count Five, which necessarily relates to Count Four. *See*

under 28 U.S.C. § 1441(c). (Doc. 7 at 1). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If a civil action contains "a claim not within the original or supplemental jurisdiction of the district court . . . the district court shall sever from the action" all such claims. 28 U.S.C. § 1441(c). A complaint's claims fall under a common nucleus of operative fact when they "are such that he would ordinarily be expected to try them all in one judicial proceeding . . . ." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff argues that the Court lacks supplemental jurisdiction over Counts Four, Five, and Six because they do not share a common nucleus of operative facts with the ADA claim. (Doc. 7 at 5). However, the claims are plainly alleged to be related. As alleged in the Complaint,

> Best Western and AIH structured their relationship so that Plaintiff and the public would believe that Best Western operates the Hotel, while at the same time they knew that Best Western was not the operator and would not be considered an operator of the Hotel and thereby not subject to *ADA liability*.

(Doc. 1-3 at 27) (emphasis added). Given this relation between these brand deceit claim and the ADA claim, the Court finds they involve a common nucleus of operative facts. Therefore, the claims fall within the Court's supplemental jurisdiction, and will not be severed under 28 U.S.C. § 1441(c). The Court will deny Plaintiff's Motion to Remand (Doc. 7).

**III.    Motion to Dismiss**

Defendants move to dismiss Counts Five and Six for civil conspiracy and aiding and abetting. (Doc. 18 at 5–9).

---

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings must be liberally construed). The Counts are necessarily related because civil conspiracy is a claim that requires an underlying tort, and Count Five's allegations plainly relate to the claim of brand deceit. *See Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix, Inc.*, 5 P.3d 249, 259 (Ariz. Ct. App. 2000) ("A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit.").

### a. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### b. Analysis

Counts Five and Six, for civil conspiracy to commit fraud and aiding and abetting fraud, claim that Defendants aimed to fool the public into believing that Best Western

owned and operated the Hotel. At most, these claims consist of unadorned the-Defendants-unlawfully-harmed-me allegations. *See Iqbal*, 556 U.S. at 678. A claim of civil conspiracy requires showing of injury. *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix, Inc.*, 5 P.3d 249, 256 (Ariz. Ct. App. 2000). Likewise, aiding and abetting requires a showing that there be a tort of some kind that causes plaintiff injury. *Barrio v. Gisa Invs. LLC*, 2020 WL 6081495, at *3 (D. Ariz. Oct. 15, 2020). Plaintiff claims several hundreds of thousands of dollars in damages, but it is unclear from the Complaint why this is warranted. Plaintiff claims he "suffered an injury" giving rise to both claims. (Doc. 1-3 at 28, 29). But without further supporting factual allegations, the Court need not accept these conclusory legal conclusions. *Twombly*, 550 U.S. at 555. Without further support, the Court is unable to determine from the Complaint how Defendants harmed Plaintiff such that they may be liable for Counts Five and Six. *See Iqbal*, 556 U.S. at 678. Therefore, the Court will grant Defendants' Motion to Dismiss (Doc. 18).

**IV.   Leave to Amend**

Plaintiff requests leave to amend his Complaint, and the Court will grant it. *See* Fed. R. Civ. P. 15(a). Plaintiff shall have thirty days from the date of this Order in which he may file a first amended complaint.

In addition, under the Court's Vexatious Litigant Order, if Plaintiff's amended complaint includes claims alleging violations of the ADA, Plaintiff shall post a bond for $10,000 within twenty-one days of amending his pleadings. *See* Vexatious Litigant Order at *11. If Plaintiff fails to post this bond, the Court will dismiss this case for failure to comply with the Court's Vexatious Litigant Order.

Accordingly,

**IT IS HEREBY ORDERED** lifting the stay on this matter pursuant to the Court's prior Order (Doc. 36).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is

**granted**.  The Court will Dismiss Counts Five and Six from the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

**IT IS FINALLY ORDERED** that under the Court's Vexatious Litigant Order, if Plaintiff files an amended complaint alleging violations of the Americans with Disabilities Act but fails to post a bond for $10,000 within twenty-one (21) days after the amended complaint is filed, the Clerk of Court shall kindly dismiss this action without further order.

Dated this 1st day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge